# JOHNSON v. THE STATE.

1.  LIQUOR :   *Selling with and without License.*
    One having license to sell liquor may sell another's liquor who has no license, but one having no license can not sell the liquor of another who has, except as his agent or employee, and under his license ; and if neither has license, both the seller and owner or party interested in the sale, are indictable.

Johnson v. The State.

APPEAL from *Franklin* Circuit Court.
HON. W. D. JACOWAY, Circuit Judge.

*C. B. Moore, Attorney General,* for appellee:
Indictment was under *sec. 5 of Act of March* 8, 1879.
In support of the judgment the State relied on the principles of *Foster* v. *State,* (*Miss.*) as applied to the evidence.

HON. E. H. ENGLISH, C. J.   Appellant, George Johnson, was convicted on the following indictment, and motion in arrest of judgment overruled:

Charge: That George Johnson, on the twenty-fifth day of December, 1879, in the county of Franklin, &c., unlawfully did sell to one R. P. Williams, one pint of a certain preparation of ardent liquors commonly called "Granger Tonic," when the owner thereof had not previously thereto procured license from the County Court of said county authorizing the same, &c.

This indictment is like that in the *State* v. *Keith, ante* :96, which was held bad. It was not alleged that appellant had no license; and if he had he was guilty of no offense, though the owner of the tonic sold had none; and if the owner of the tonic had license and appellant none, he was guilty of a violation of the statute, unless he sold as the agent or employee of the owner, and under his license.

It is sufficient to charge that the seller has no license, and unless he has, or sells for some one who is licensed he may be convicted.

So if liquor be sold without license, the statute subjects not only the seller but the owner or person interested in the sale to indictment. *Act of Eighth March,* 1879, *sec.* 5.

Reversed and remanded with instruction to arrest the judgment.